## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEAMON D. BRINSON,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF THE NAVY,<br>　　　　　　Agency. | DOCKET NUMBER<br>DC-0752-14-1129-I-1<br><br><br>DATE: November 10, 2016 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Steve M. Fesler</u>, Sykesville, Maryland, for the appellant.

<u>Tracy W. Lin</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2        Prior to the appellant's removal, he served as an Electronics Industrial Controls Mechanic with the agency's Naval Facilities Engineering Command in Dahlgren, Virginia.  Initial Appeal File (IAF), Tab 1 at 1, Tab 10 at 4, Tab 11 at 17.  In January 2014, the agency suspended the appellant for 30 days based on two disrespectful conduct charges and an insubordination charge.  IAF, Tab 11 at 13‑17.  In pertinent part, one of the disrespectful conduct charges and the insubordination charge involved the appellant's interactions with his fifth‑level supervisor, Commander J.B.[2]  IAF, Tab 10 at 23, Tab 11 at 8‑10.

¶3        The appellant filed a Board appeal challenging his suspension, and the administrative judge issued an initial decision sustaining the charges and affirming the suspension.  *Brinson v. Department of the Navy*, MSPB Docket No. DC-0752-14-0424-I-1, Initial Decision (Oct. 31, 2014).  The appellant did not file a petition for review of that initial decision, which became final.  *See* 5 C.F.R. § 1201.113.

¶4        While the appellant's Board appeal regarding his suspension was pending, the agency removed the appellant based on a single charge of disrespectful conduct supported by three specifications, all of which pertained to comments that the appellant made while taking Commander J.B.'s deposition during his Board appeal.[3]  IAF, Tab 10 at 4‑10, 23‑26.  The appellant filed a timely Board appeal challenging his removal, and requested a hearing.  IAF, Tab 1 at 2, 4, 6.

---

[2]  Among other things, the agency alleged that the appellant: (1) refused to obey Commander J.B.'s instructions; (2) told Commander J.B. that he did not care who he was; (3) told Commander J.B to get out of his office and to "make like a tree and leave"; and (4) told Commander J.B. to "get the hell out of the building" and slammed a door in his face.  IAF, Tab 11 at 8‑10.

[3]  In specification one, the agency alleged that the appellant called Commander J.B. an "outright liar."  IAF, Tab 10 at 23.  In specification two, the agency alleged that the appellant implied that Commander J.B. had "short man syndrome" and "little man syndrome."  *Id.* at 23‑24.  In specification three, the agency alleged that the appellant called Commander J.B. a "snake."  *Id.* at 24.

On his initial appeal form the appellant alleged, among other things, that the agency removed him in retaliation for filing his prior Board appeal regarding his suspension. *Id*. at 6. In his prehearing submission, the appellant stipulated that he had made the comments at issue in the charge, but contended that the agency could not discipline him for the comments because he was engaged in protected activity when he was taking Commander J.B.'s deposition. IAF, Tab 15 at 5.

¶5　　The administrative judge conducted a telephonic prehearing conference and the following day, he issued an order summarizing the conference. IAF, Tab 13 at 4, Tab 17. The prehearing conference order and summary reflected that, during the prehearing conference, the appellant withdrew his hearing request. IAF, Tab 17 at 1. The summary further stated that the parties agreed that "the only material facts to be decided in this appeal, to the exclusion of all other issues," were whether the agency proved the charge, nexus, and the reasonableness of the penalty. *Id*. The prehearing conference order and summary did not mention any affirmative defenses raised by the appellant. IAF, Tab 17.

¶6　　The appellant filed a timely objection to the prehearing conference order and summary, which solely objected to the manner in which the administrative judge characterized certain additional comments that he allegedly made to Commander J.B., which were referenced as an aggravating factor in the notice proposing his removal. IAF, Tab 18; *see* IAF, Tab 10 at 25, Tab 17 at 2. However, in a subsequent brief filed prior to the close of the record, the appellant continued to argue that the agency could not discipline him for his comments during Commander J.B.'s deposition, because he was engaged in protected activity when he made them. IAF, Tab 20 at 6‑11.

¶7　　Based on the written record, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 25, Initial Decision (ID). In finding that the agency proved the charge, relying primarily on Board cases arising under the whistleblower protection provisions, the administrative judge found that, although the misconduct at issue "arguably" occurred when the

appellant was engaged in protected activity, this did not immunize him from disciplinary action, given the context and manner in which the comments at issue were delivered. ID at 7; *see* ID at 5‑10. He further found that the agency proved a nexus between the charge and the efficiency of the service, ID at 10‑11, and that the penalty of removal was reasonable, ID at 11‑14. The initial decision stated that the appellant had not raised any affirmative defenses. ID at 3 n.2.

¶8      The appellant has filed a petition for review of the initial decision, in which he reiterates his arguments that the agency cannot remove him because he was engaged in protected activity when he made the comments at issue in the charge. Petition for Review (PFR) File, Tab 1 at 4, 7‑16. The agency has responded in opposition to the petition for review. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9      Although not raised by either party on review, we find that we must vacate the initial decision because the administrative judge failed to advise the appellant of the applicable burdens of proving an affirmative defense of retaliation for engaging in protected activity. The Board consistently has required administrative judges to apprise appellants of the applicable burdens of proving an affirmative defense, as well as the kind of evidence required to meet those burdens. *Hall v. Department of Transportation*, 119 M.S.P.R. 180, ¶ 4 (2013); *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶ 13 (2010). When an appellant raises an affirmative defense in an appeal either by checking the appropriate box on an appeal form, identifying an affirmative defense by name, or by alleging facts that reasonably raise such an affirmative defense, the administrative judge must address the affirmative defense in any close of record order or prehearing conference summary and order. *Hall*, 119 M.S.P.R. 180, ¶ 4; *Wynn*, 115 M.S.P.R. 146, ¶ 10. Even if an appellant expresses an intention to withdraw an affirmative defense, the administrative judge is required, at a minimum, to identify the affirmative defense in the close of record order or prehearing conference

summary and order, explain that the Board would no longer consider it when deciding the appeal, and give the appellant an opportunity to object to withdrawal of the affirmative defense.  *Wynn*, 115 M.S.P.R. 146, ¶ 10.

¶10      We find that the appellant's allegations that the agency removed him in retaliation for filing his prior Board appeal, and that the agency could not remove him based on the comments at issue because he was engaged in protected activity when taking Commander J.B.'s deposition reasonably raised an affirmative defense of retaliation for engaging in protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), which prohibits an agency from taking a personnel action based on "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation" that does not seek to remedy whistleblowing reprisal.  5 U.S.C. § 2302(b)(9)(A)(ii); *see* IAF, Tab 1 at 6, Tab 15 at 5, Tab 20 at 6‑11.  However, the administrative judge did not address the affirmative defense in the prehearing conference summary and order.  IAF, Tab 17.

¶11      Furthermore, the record does not clearly indicate that the appellant intended to withdraw his affirmative defense.  In a footnote in the initial decision, the administrative judge stated that during the prehearing conference, the appellant's union representative "confirmed" that the appellant was not raising an affirmative defense in the appeal.  ID at 3 n.2.  However, this statement was not contained in the prehearing conference summary and order.  IAF, Tab 17.  When, as here, an administrative judge did not provide the required notice, the Board will not deem an affirmative defense to have been abandoned even when the appellant does not raise an objection to a failure to include it in the prehearing conference summary.  *See Potter v. Department of Veterans Affairs*, 116 M.S.P.R. 256, ¶ 9 n.3 (2011).

¶12      Moreover, the statement in the initial decision that the appellant confirmed that he was not raising an affirmative defense is inconsistent with the appellant's continued and repeated assertions below and on review that the agency could not remove him based on his comments because he was engaged in protected activity when he was taking Commander J.B.'s deposition.  IAF, Tab 20 at 6; PFR File,

Tab 1 at 4, 7‑16. In light of the appellant's arguments, it appears that he may not have understood that his claims that he engaged in protected activity and that the agency retaliated against him for exercising his Board appeal rights constituted an affirmative defense.

¶13    In addition, neither the initial decision nor the agency's pleadings apprised the appellant of the burden and elements of proving an affirmative defense of retaliation for engaging in protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii). IAF, Tabs 8‑11, 15, 19, 23; ID at 3‑10; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision puts the appellant on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review). The administrative judge's statement that the fact that the comments at issue in the charge were "arguably" made in the context of protected activity did not "immunize the appellant from disciplinary action" was insufficient to place the appellant on notice of the burden and elements of proving an affirmative defense of retaliation for protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii). *Compare* ID at 7, *with Mattison v. Department of Veterans Affairs*, 123 M.S.P.R. 492, ¶ 8 (2016) (setting forth the burden and elements of proof for an affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii) when an appellant does not allege reprisal for equal employment opportunity (EEO) activity protected under title VII).

¶14    Furthermore, the administrative judge's discussion of cases arising under the whistleblower protection provisions did not inform the appellant of the burden and elements of proving an affirmative defense of retaliation for protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii). ID at 5‑7. As an initial matter, the initial decision did not clearly set forth the burden and elements of proving an affirmative defense of retaliation for whistleblowing. *Id.* More importantly, the

burden and elements of proving an affirmative defense of retaliation for whistleblowing differ from the burden and elements of proving an affirmative defense of retaliation for protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii). Specifically, an affirmative defense alleging retaliation for whistleblowing must be analyzed under the burden-shifting scheme set forth in 5 U.S.C. § 1221(e). *See* 5 U.S.C. § 1221(a), (i); *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶¶ 19‑20, 32 (2013). In contrast, in an affirmative defense of retaliation for activity protected under 5 U.S.C. § 2302(b)(9)(A)(ii), when, as here, the appellant does not allege reprisal for protected EEO activity, the appellant bears the burden of proof and the claim is analyzed under the standard set forth in *Warren v. Department of the Army*, 804 F.2d 654, 656-58 (Fed. Cir. 1986). *See Mattison*, 123 M.S.P.R. 492, ¶ 8; 5 C.F.R. § 1201.56(b)(2)(i)(C); *see also Alarid*, 122 M.S.P.R. 600, ¶ 15 (finding that the *Warren* standard is inapplicable to claims that are subject to the burden-shifting framework set forth in 5 U.S.C. § 1221(e)).

¶15    Additionally, while the administrative judge did a commendable job of discussing the "arguably" protected activity in the context of whether the agency proved the charge, he did not discuss whether the appellant established an affirmative defense to the charge. ID at 7‑10. Even if the agency proved the charge by a preponderance of the evidence, the Board cannot sustain the appellant's removal if the appellant demonstrates that a prohibited personnel practice described in 5 U.S.C. § 2302(b), including retaliation for exercising Board appeal rights under 5 U.S.C. § 2302(b)(9)(A)(ii), was the motivating factor for the removal decision. *See* 5 U.S.C. § 7701(c)(2)(B); *Erkins v. U.S. Postal Service*, 108 M.S.P.R. 367, ¶ 5 (2008); *see also Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 48 (2015) (explaining the meaning of the term "based on any prohibited personnel practice" in 5 U.S.C. § 7701(c)(2)(B)); 5 C.F.R.

§ 1201.56(b)(1)(ii), (b)(2)(i)(C) (setting forth the burdens of proof for a charge and an affirmative defense). Thus, the issue of whether the appellant established an affirmative defense of retaliation for exercising his Board appeal rights is distinct from the issue of whether the agency proved the charge.

¶16    Finally, the appellant's pleadings on review do not demonstrate that the appellant is aware of the burden and elements of proving an affirmative defense under 5 U.S.C. § 2302(b)(9)(A)(ii). PFR File, Tab 1; *see Mahaffey v. Department of Agriculture*, 105 M.S.P.R. 347, ¶¶ 10‑11 (2007) (finding that it was unnecessary to remand an appeal when an administrative judge failed to notify the appellant of the burden of proving an affirmative defense, given that among other things, the agency's submissions put the appellant on notice of the burden and elements of proof necessary to establish the affirmative defense, and the appellant's pleadings reflected that he understood the burden and elements of proof). Instead, the appellant's pleadings cite the standard for a claim of retaliation for protected activity under the Federal Service Labor Management Relations Statute (FSLMRS), 5 U.S.C. chapter 71, which differs from the burden and elements of proving an affirmative defense of retaliation for protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii). PFR File, Tab 1 at 9‑15; *compare Mattison*, 123 M.S.P.R. 492, ¶ 8, *with Letterkenny Army Deport & International Brotherhood of Police Officers, Local 358*, 35 F.L.R.A. 113, 118 (1990) (setting forth the burdens and elements for proving a claim of retaliation for protected activity under the FSLMRS).

¶17    Accordingly, because the administrative judge did not inform the appellant of the applicable burdens of proving an affirmative defense of retaliation for protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), we must vacate the initial decision and remand this case for further adjudication. *See Hall*, 119 M.S.P.R. 180, ¶ 6; *Wynn,* 115 M.S.P.R. 146, ¶ 13; *see also Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶¶ 1, 8 (2010) (vacating an administrative judge's

findings that an agency proved the charge, nexus, and penalty where the appeal was remanded for further adjudication of the appellant's affirmative defense).

¶18      On remand, the administrative judge shall inform the appellant of the burden and elements of proof regarding an affirmative defense of retaliation for protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), and afford the parties an opportunity for further development of the record regarding this issue, including an opportunity to conduct discovery, and a hearing on the appellant's affirmative defense, if the appellant requests one.[4]      Although the prehearing conference summary and order reflects that the appellant orally withdrew his hearing request during the prehearing conference, it did not include any discussion of the basis for or circumstances surrounding that withdrawal, and the appellant made this decision without notice of the applicable burdens of proving his affirmative defense.      IAF, Tab 17 at 1, *see Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 15 (2010) (finding that an administrative judge should afford an appellant the opportunity for a hearing on remand, when, among other things, the appellant made the decision to withdraw his request for a hearing without notice of the proper standard to be applied in asserting a claim of equitable estoppel).      After conducting additional proceedings on remand, the administrative judge shall issue a new initial decision making appropriate findings regarding the charge, nexus, and penalty, and addressing the appellant's affirmative                                                                defense.

---

[4] Although, based on the appellant's petition for review, it does not appear that he intends to withdraw his affirmative defense, if he indicates that he wishes to do so after being apprised of the applicable burdens and elements of proof, the administrative judge shall issue an order identifying the affirmative defense, explaining that the Board will no longer consider it in deciding the appeal, and afford the appellant an opportunity to object to the withdrawal. *See Wynn*, 115 M.S.P.R. 146, ¶ 10.

**ORDER**

¶19 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.